## EDWARDS v EDWARDS

Ohio Appeals, 2nd Dist, Miami Co.

No. 389. Decided April 20, 1940.

Faust & Faust, Troy, for plaintiff-appellee.

Humes & McAllister, Delaware; Kerr, Kerr & Kerr, Troy, and Carl B. Felger, Covington, for defendant-appellant.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from an allowance of alimony to the plaintiff in conjunction with the granting of a divorce to her for the defendant's aggression.

The errors assigned are numbered one to nine inclusive but the whole matter may be encompassed under the heading that the trial judge erred in the amount of alimony which he granted to the plaintiff. This claim is based upon the proposition that although the parties were husband and wife they did not in fact maintain the true and ordinary status of the marriage relationship but lived separate and apart. The appellant asserts that inasmuch as the wife did not live with the husband and assist him in the ordinary manner in acquiring the property which he now owns, she should not be permitted to receive any part thereof.

If it be granted that the premise is correct, we would not agree that it supports the conclusion for the reason that, though they may not have lived together the wife may have been entitled to a substantial part of her husband's holding. This may be true, if it be granted that she did not live with her husband by her own choice. It is necessarily true if her failure to live with him was by reason of his desire and against her wishes in the matter.

Counsel for appellant urge with much conviction that it appears that the

failure of the parties to live together was by reason of her refusal to maintain a home with her husband. We cannot adopt this conclusion for the reason that the trial judge having found in favor of the plaintiff and having awarded her alimony in a substantial sum, all legal intendments necessary to support this judgment must be indulged until it clearly appears that they are not justified. So doing, we must grant the trial judge had the right to find that the failure of the parties to live together as husband and wife continuously was no fault of the wife but was by reason of the desires of the husband or at the most not against his express request or demand.

The plaintiff testifies that after one month from the date of the marriage of the parties she was at all times ready and willing to live with her husband, that the arrangement made at the time of the marriage was that he was to live with her at her home which she owned in Sunbury; that once only he proposed that she move on to the home place, the large farm in which he had an interest and that she objected and suggested that they move into a house on the smaller farm which he owned; that it was necessary to make some repairs in the house on this farm and that plans were made to that end but never consummated.

It appears that these parties were married on March 17, 1920. No children were born of the marriage. The marriage was kept secret for about thirteen years. Plaintiff went into business in Sunbury for herself soon after the marriage and conducted it until a few years ago. This village was about five miles from the farm which defendant operated. He lived on the farm. The plaintiff had her own home in Sunbury and over the week-ends he would come to her home but not often staying all night. In 1930 plaintiff moved to Troy by reason of the illness of her mother. There was no material change in the arrangement between the parties as to their living. At all times the plaintiff would prepare the

meals for the defendant when he came to her home, did his washing, ironing and mending, paid for some of his clothing out of her own personal earnings and according to her statement held herself out at all times as ready to live with him.

In more recent years the defendant was away from his farm home doing road contracting work but he would return to the home of the plaintiff at irregular intervals. On many occasions she would prepare meals for him on Sunday when he would not come and would give her no notice that he did not expect to do so.

Upon the death of her mother she came into possession of a rooming and apartment house in the city of Troy which she continued to operate. She did practically all of the labor incident to operating this house—fired the furnace, did the washing and ironing, managed the place with the assistance only of a woman one day each week. She also owns a small residence in Sunbury.

The defendant owns one farm in his own right, 65 acres in Deleware County. At the time of the trial it fairly appeared that the extent of the ownership of the defendant in the home farm, a larger tract, free from indebtedness was one-fourth thereof. The 65 acre farm was worth probably $5000.00 and defendant's equity in the home farm would probably be valued at $2000.00, making the value of his holdings in the farms $7000.00. He may salvage something from road working machinery which he owns in partnership and an obligation due the partnership, although, upon the record it appears that his indebtedness exceeds his assets.

The trial judge awarded to the plaintiff one-half interest in the 65 acre farm, $500.00 in cash and required defendant to pay to her $310.00 which it was admitted he owed her.

We would not be justified in holding that the trial judge abused his discretion in this judgment or that it is manifestly against the weight of the evidence. It is true that the plaintiff owns property which may be worth

$6900.00 and will have holdings in excess of those of the defendant when she has been paid what she has been awarded in this case. However, it must be observed, that alimony is awarded to this plaintiff because of the granting of the divorce decree upon the aggression of the defendant. Had the defendant remained plaintiff's husband and had lived longer than she, he would have been entitled to his share in her property. There is no basis for him to share in her estate while she lives and unless he remains her husband. Having violated the marriage obligation he must abide the results thereof.

The fact is that the plaintiff conducted herself as a dutiful wife for almost twenty years and the court had a right to find that at all times she was ready to live with her husband and at the end of this time he elects to avoid the marital relationship by conduct which was most unfortunate to say the least. The sum total of the award to plaintiff out of his property is $2500.00. Granting to the trial court its right to determine the alimony it cannot be said that the sum is excessive inasmuch as it represents a little more than $100.00 per year for the period during which the plaintiff maintained the relationship of wife to the defendant and represents less than $3.00 per week for the support of plaintiff for which defendant was obligated but did not provide.

The judgment will be affirmed.

GEIGER and BARNES, JJ., concur.